UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE MARCOS GOMES,<br>Plaintiff,<br>v.<br>PAUL MIOVAS,<br>Defendant. | Case No. 18-CV-00642-LHK<br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MISCELLANEOUS MOTION**<br>Re: Dkt. No. 24 |

On January 30, 2018, plaintiff filed the instant civil rights complaint under 42 U.S.C. § 1983, claiming defendant Officer Miovas used excessive force against plaintiff during an incident on October 4, 2017. Dkt. No. 1. On June 12, 2018, the Court granted plaintiff's motion to proceed in forma pauperis. Dkt. No. 13.

Defendant filed pleadings from plaintiff's pending state criminal case, in which plaintiff was charged with eleven felonies stemming from the incident of October 4, 2017. Dkt. No. 17 & Ex. Defendant moved to stay the instant civil action under *Younger v. Harris*, 401 U.S 37 (1971). *Id.* On October 29, 2018, the Court granted defendant's motion to stay the instant action ("Stay Order"). Dkt. No. 21. The Stay Order informed plaintiff that his claim for damages was stayed while state criminal proceedings were pending; that the instant case was administratively closed;

and that "[s]hould plaintiff wish to re-open this case after disposition of his criminal proceeding, he must file a request that the stay be lifted and the case be re-opened after final disposition of the criminal charges (including all appeals)." *Id.* at 4.

Plaintiff now writes to the Court asking the Court to give plaintiff "proof that [he is] a Federal Civil Pro Per." Dkt. No. 24 at 2. Plaintiff also appears to ask the Court to order plaintiff be given certain office supplies so that plaintiff might pursue the instant civil litigation. *See id.* at 2-3 (listing fourteen categories of office supplies). Plaintiff argues that, without these office supplies, he is being deprived of access to the courts.

The Court construes plaintiff's request for "proof that [he is] a Federal Civil Pro Per" as a request for a copy of the docket from this action, and for a copy of the Court's order granting plaintiff's motion to proceed in forma pauperis. So construed, plaintiff's motion is GRANTED in part.

To the extent plaintiff asks the Court to order plaintiff be given office supplies to pursue this civil litigation, or to hold that plaintiff has been denied access to the courts, plaintiff's motion is DENIED. As the Court explained in the Stay Order, the instant civil litigation is stayed until "after final disposition of the criminal charges (including all appeals)." Stay Order at 4. Until state proceedings are resolved and this case is re-opened, there is nothing for plaintiff to litigate in this matter. Moreover, if plaintiff believes he is being denied access to the courts, that is a claim separate from the instant action which alleges excessive force.

The Clerk of the Court shall send to plaintiff a copy of the docket, and of the Court's order at Docket Entry Number 13.

This order resolves Docket Entry No. 24.

**IT IS SO ORDERED.**

DATED: 4/5/2019

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

2

Case No. 18-CV-00642-LHK
ORDER GRANTING IN PART AND DEN. IN PART PL.'S MISC. MOT.